# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DOUGLAS A. JACKSON,

    Plaintiff(s),

v.

ALL TRADE, INC.,

    Defendant(s).

2:12-CV-942 JCM (CWH)

## ORDER

Presently before the court is plaintiff/counter-defendant, Douglass A. Jackson's, motion for voluntary dismissal. (Doc. # 23).

**I.    Background**

Plaintiff filed a complaint against defendant on June 4, 2012. (Doc. # 1). On August 31, 2012, defendant filed an answer and counterclaim to the complaint. (Doc. # 13). After various pretrial motions and orders, plaintiff filed the instant motion for a voluntary dismissal. (Doc. # 23).

Plaintiff represents that on or about September 26, 2012, the parties engaged in settlement negotiations. (*Id.*). On or about October 11, 2012, the parties reached a full and final settlement in this lawsuit. (*Id.*). Plaintiff has attached the settlement agreement, signed by the parties, as an exhibit. (*Id.*, Ex. # 1). Plaintiff further represents that defendant "has fully performed under [the settlement] agreement by fulfilling the terms" embodied in the agreement.

**James C. Mahan**
**U.S. District Judge**

Defendant has not responded to the motion even though the response date has passed. Defendant, as a corporation, must be represented by counsel to appear in federal court. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."). Plaintiff finally represents that the "[p]arties would have submitted a Stipulation and Order for Dismissal for this Court's approval, but Defendant remains unrepresented by counsel." (Doc. # 23).

## II. Legal Standards

Federal Rule of Civil Procedure 41(a)(2) provides in its entirety:

> **By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Further, local rule 7-2(d) provides that "[t] failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

## III. Discussion

The parties have reached a settlement and fully performed under the settlement agreement. Pursuant to Fed. R. Civ. P. 41(a)(2), plaintiff seeks to dismiss the action with prejudice. Defendant has not objected or otherwise responded even though the response date has passed. The court finds that plaintiff has properly moved for dismissal under Fed. R. Civ. P. 41(a)(2), and defendant has consented to the granting of the motion pursuant to both Fed. R. Civ. P. 41(a)(2) and local rule 7-2(d). In light of the defendant's failure to respond and weighing the factors identified in *Ghazali*,

the court finds dismissal appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for voluntary dismissal (doc. # 23) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this action, case number 2:12-cv-00942-JCM-CWH, be dismissed with prejudice.

DATED November 15, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -